UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MANUEL QUIROZ, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRAETORIAN INSURANCE COMPANY, GLOBAL CLAIMS SERVICES and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | Case No.  5:14-cv-01652 HRL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re:   Docket No. 8] |

This is an action for declaratory and injunctive relief in which pro se plaintiff Manuel Quiroz, Jr. claims that defendants are required to change the title to a salvaged 2007 Audi A4 he bought so that he can register and operate the vehicle in California. The Audi was involved in an accident[1] in Florida and a Certificate of Destruction (COD) was issued. The automobile subsequently was repaired and sold to plaintiff. He contends that defendants are obliged to change the COD on the car's title and to issue a Salvage Rebuildable Certificate, signifying that the Audi has been repaired and inspected and is safe to drive.

---

[1] Although plaintiff's complaint initially alleges that the vehicle was vandalized, sustaining damage primarily to the convertible top, it goes on to allege that the car was involved in a collision.  And, defendants say that the Audi is a formerly leased vehicle that was damaged in a roll-over accident that occurred while the automobile was being transported back to the leasing company.

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants move to dismiss this action for lack of subject matter jurisdiction. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Having considered the moving and responding papers,[2] as well as the arguments presented at the August 5, 2014 hearing,[3] this court grants the motion with leave to amend.

In his opposition, plaintiff tacitly acknowledges that there is no basis for federal question jurisdiction. Indeed, federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Here, plaintiff's complaint concerns only state motor vehicle laws. It does not allege any federal claims whatsoever. Nor is it apparent that plaintiff could state any federal claim for relief. While the complaint seeks declaratory relief, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., does not by itself confer federal subject matter jurisdiction. Nationwide Mut. Ins. Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005). See also Vaden, 129 S. Ct. at 1278 n.19 2009 ("[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.'").

Plaintiff asserts that this court has diversity jurisdiction over his claims. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (excluding interest and costs) and is between citizens of different states. 28 U.S.C. §1332. Plaintiff says he is a California resident and that defendant Praetorian Insurance is a New York corporation. He further asserts in his opposition papers that Global Claims Services has its principal place of business in South Carolina. He does not, however, sufficiently allege the citizenship of the corporate defendants. A corporation may have dual citizenship for diversity

---

[2] Plaintiff's written opposition was filed over two weeks too late. Civ. L.R. 7-3(a). Although plaintiff is representing himself, he is expected to fully comply with all court orders and deadlines that all litigants are required to follow. The court has considered plaintiff's untimely filing, but does not condone his failure to comply with the applicable deadlines and warns plaintiff against future noncompliance.

[3] Plaintiff was given leave to appear by phone, but he made no appearance at the hearing.

2

purposes: a corporation is deemed to be a citizen of every state in which it is incorporated, as well as of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

Even if plaintiff had adequately alleged complete diversity of citizenship, the record indicates that the amount in controversy requirement is not met anyway. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L.Ed.2d 383 (1977) (superceded on other grounds). Plaintiff asserts that his car is "unique" and "rare" because he says that Audi no longer makes that particular model. But, there is no allegation as to the Audi's present value. Moreover, the complaint alleges that the fair market value of the Audi, as of April 2010, was less than $30,000---far below the $75,000 jurisdictional requirement. And, plaintiff says he bought the vehicle, post-accident and in used condition, for $10,000 (plus some $2,300 in delivery costs). His argument that a brand new Audi convertible would sell today for around $60,000 is irrelevant.

Plaintiff nonetheless argues that the amount in controversy requirement is satisfied because (1) discovery in this matter might reveal a basis for a claim under California's unfair business practice law, Business & Professions Code § 17200, et seq.;[4] (2) pursuing his claims against defendants may result in tens of thousands of attorney's fees, which he argues he will be entitled to recover under § 17200; and (3) he values the loss of use of his car at $100 per day, and he says he has not been able to use it for over 8 months for an alleged loss of some $24,000.

These arguments fail to persuade. True, a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). Even so, "this liberal standard for jurisdictional pleading is not a license for conjecture." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000).

---

[4] Although plaintiff referenced Cal. Bus. & Prof. Code § 17500 in his opposition papers, the court assumes that he meant Cal. Bus. & Prof. Code § 17200. Section 17500 bans deceptive, false, and misleading advertising and is narrower than Cal. Bus. & Prof. Code § 17200, which bans "any unlawful, unfair or fraudulent business act or practice," in addition to "unfair, deceptive, untrue, or misleading advertising" prohibited under § 17500.

3

United States District Court
Northern District of California

"While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." Id. at 1272 (internal quotations and citations omitted). Plaintiff has not alleged an unfair business practices claim, and discovery cannot be used as a fishing expedition for evidence of claims that have not been asserted. Moreover, in private actions, California's unfair business practices law does not expressly provide for attorney's fees, and prevailing plaintiffs generally are limited to injunctive relief and restitution, not damages. Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 179, 83 Cal. Rptr.2d 548 (1999). Nor is there any indication that the cost of complying with any injunction would exceed the amount in controversy for jurisdictional purposes. In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 958 (9th Cir. 2001).

Accordingly, this court lacks subject matter jurisdiction over plaintiff's claims, and defendants' motion to dismiss is granted. The court harbors serious doubts as to whether plaintiff will be able to amend his complaint to cure the jurisdictional defect. Nevertheless, he will be given leave to amend if, consistent with Fed. R. Civ. P. 11, he believes he can do so. The amended complaint must be filed **no later than August 25, 2014**.

**SO ORDERED**.

Dated:   August 5, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-01652-HRL Notice has been electronically mailed to:

Robert William Kenneth Farrell     farrell@lbbslaw.com, joyce@lbbslaw.com, scurry@lbbslaw.com

5:14-cv-01652-HRL Notice sent by U.S. Mail to:

Manuel Quiroz, Jr.
521 Main Street, Suite E
Watsonville, CA 95076